UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEA R. SWINK ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-01997 |
| ) | HON. James R. Kneep II |
| V ) | |
| ) | |
| REINHART FOODSERVICE, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| BAOKU OJO MOSES, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**DEFENDANTS', REINHART FOODSERVICE, LLC, AND BAOKU OJO MOSES, MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COME the Defendants, Reinhart Foodservice, LLC, and Baoku Ojo Moses, by and through their attorneys, Kevin M. Mulvaney, and Wilson Elser Moskowitz Edelman & Dicker, LLP, and move this court for partial summary judgment pursuant to Fed. R. Civ. P. 56. In support of this motion, defendants state as follows:

1. This matter arises out of a motor vehicle accident that occurred on July 12, 2018 in Monroe Township, Ohio.

2. On that date, plaintiff, Lea Swink, was driving eastbound on Lincoln Highway at or near its intersection with Stewart Road.

3. Defendant, Baoku Moses, an employee of Reinhart Foodservice, LLC, was driving northbound on Stewart Road at or near its intersection with Lincoln Highway.

1

4. As a result of the collision, plaintiff suffered several significant injuries, including fractured ribs, a closed left clavicle fracture, closed, comminuted right femoral shaft fracture, closed right patella fracture, and an open bimalleolar facture of the right ankle.

5. Since July 12, 2018, the plaintiff has incurred over $200,000 in medical bills and other economic damages.

6. Pursuant to ORC § 2315.18(B)(2), noneconomic damages recoverable in a civil action are capped to the greater of $250,000 or three times the amount of plaintiff's economic loss, to a maximum of $350,000.

7. This cap does not apply to plaintiffs who sustain a permanent and substantial physical deformity, loss of use of a limb, loss of a bodily organ system, or a permanent physical function injury that permanently prevents the injured person from being able to independently care for self and perform life sustaining activities.

8. Plaintiff's injuries did not result in a permanent and substantial physical deformity, loss of use of a limb, loss of a bodily organ system, or a permanent physical function injury that permanently prevents the injured person from being able to independently care for self and perform life sustaining activities.

9. Therefore, plaintiff's noneconomic damages must be capped at $350,000.

WHEREFORE, Defendants respectfully request that this Court grant its Motion for Partial Summary Judgment and cap the plaintiff's recovery for noneconomic damages at the statutory limit of $350,000.

                Respectfully submitted,

              WILSON ELSER MOSKOWITZ
              EDELMAN & DICKER, LLP

By: /s/ Kevin M. Mulvaney
    KEVIN M. MULVANEY (P76915)
    *pro hac vice*
    GEOFF BELZER (#71899)
    Attorneys for Defendants
    17197 N. Laurel Park Drive, Ste 201
    Livonia, Michigan  48152
    (313) 327-3100

DATED: November 19, 2021

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 19, 2021 by:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Facsimile |
| ☐ Hand Delivered | ☐ Overnight Courier |
| ☐ Certified Mail | √ E-File |
| E-Serve | ☐ E-Mail |

Signature: /s/ *Dacia J. Bowers*
               Dacia J. Bowers

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LEA R. SWINK ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-01997 |
| ) | HON. James R. Kneep II |
| V ) | |
| ) | |
| REINHART FOODSERVICE, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| BAOKU OJO MOSES, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS', REINHART FOODSERVICE, LLC, AND BAOKU OJO MOSES, BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Reinhart Foodservice, LLC and Baoku Ojo Moses, hereby submit the following Brief in Support of its Motion for Partial Summary Judgment to limit plaintiff's recovery for noneconomic damages to $350,000.

### INTRODUCTION

This matter arises from a motor vehicle collision that occurred on July 12, 2018. On that date, Plaintiff, Lea Swink, was driving eastbound on Lincoln Highway near its intersection with Stewart Road in Monroe Twp., Ohio. Defendant, Baoku Moses was driving northbound on Stewart Road. Moses' truck entered the subject intersection at the same time as Swink. Swink saw Moses' truck entering the intersection, immediately applied her brakes, and swerved to the left. Her vehicle

4

t-boned the cab of Moses' truck and then careened into a corn field. Plaintiff has sued Reinhart Foodservice and Moses under theories of negligence and *respondeat superior*. (**Exhibit A – Plaintiff's Complaint at Law**)

As a result, plaintiff suffered several injuries. Her injuries include fractured ribs, a closed left clavicle fracture, a closed comminuted right femoral shaft fracture, closed right patella fracture, and an open bimalleolar facture of the right ankle. **Exhibit B – Plaintiff's Records from Orthopaedic Institute of Ohio.** A rod was inserted in Swink's right femur and an open reduction with internal fixation was completed on her right ankle. Swink has since recovered from most of her injuries apart from those to her right leg and ankle. Although there have been concerns regarding the non-union of Swink's fractured femur, both plaintiff's and defendants' experts believe that plaintiff would benefit from a bone stimulator, and as a result, could return to being pain-free and part of the workforce in a more sedentary position. She utilizes a rolling walker or a cane to ambulate. After the accident, she continued playing music in venues in her area and bartering home services for lodging.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252.

Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show

that the affiant or declarant is competent to testify on the matters stated." Mere conclusory allegations "are not evidence and are not adequate to oppose a motion for summary judgment." Miller v. Aladdin Temp–Rite, LLC, 72 F. App'x. 378, 380 (6th Cir. 2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)).

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. Moreover, "the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citing Frito–Lay, Inc. v. Willoughby, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). To overcome summary judgment, it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. Id. In ruling on a motion for summary judgment, the court may not take into account credibility or the weight of the evidence, nor may it draw inferences from the facts. Anderson, 477 U.S. at 255. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. "If the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is improper. Id. at 248. Accordingly, for the purposes of deciding this motion, and where communicated properly under Rule 56, plaintiff's account of the facts must be accepted as true. The Federal Rules of Civil Procedure permit a motion for summary judgment on all or "*part* of" a claim. Fed. R. Civ. P. 56 (a) (emphasis added).

## LEGAL ARGUMENT

Defendants seek summary judgment on whether plaintiff's injuries are insufficient to lift the cap on non-economic damages pursuant to ORC 2315.18(B)(3).

Under Ohio law, a tort plaintiff may recover unlimited compensatory damages for noneconomic losses if the plaintiff has sustained either "[p]ermanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system," or "[p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." R.C. § 2315.18(B)(3)(a)–(b). Otherwise, plaintiff's damages are limited to a maximum of $350,000 as set forth in § 2315.18(B)(2). Prior to the trial in the tort action, any party may seek summary judgment with respect to the nature of the alleged injury or loss to person or property, seeking a determination of the damages as described in division (B)(2) of this section. ORC 2315.18(E)(2).

When it is clear that the statutory exceptions are inapplicable, courts have not hesitated to decide the issue prior to trial. *Sheffer v Novartis Pharm Corp*, 2014 U.S. Dist. LEXIS 184614, at *5 (SD Ohio, July 14, 2014). It seems clear that permanent and substantial physical deformity must be severe and objective. *Weldon v Presley*, 2011 U.S. Dist. LEXIS 95248, at *19-20 (ND Ohio, Aug. 9, 2011).

This court ruled that a four-centimeter long scar was not a "severe disfigurement" rising to the threshold of the exceptions. *Weldon v Presley*, 2011 U.S. Dist. LEXIS 95248 (ND Ohio, Aug. 9, 2011). The Southern District of Ohio previously ruled that loss of sight in one eye, but retaining sight in the other eye, is not a loss of a bodily organ system as the plaintiff still retained the ability to see overall. *Williams v Bausch & Lomb Co*, 2010 U.S. Dist. LEXIS 62018 (SD Ohio, June 22, 2010). The Southern District also ruled that a broken jaw that had healed, but resulted in the plaintiff having to change how and what she ate also did not meet the exceptions for the cap on damages. *Sheffer v Novartis Pharm Corp*, 2014 U.S. Dist. LEXIS 184614 (SD Ohio, July 14, 2014).

A. *Analysis Under ORC 2315.18(B)(3)(a)*

Plaintiff, Lea Swink, has not suffered any permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ according to Ohio case law. Plaintiff suffered from several fractures covering her entire body. Her fractured clavicle and ribs healed without any surgical intervention and resulted in no noted deformity. **Exhibit C – Plaintiff's Expert, Dr. Paley's, Report, p. 4 and 7**. The plaintiff's most severe injuries were to her right femur and right ankle. Her femur required a rod inserted in her bone with additional hardware. She has a merely three-centimeter long healed wound on her thigh. **Exhibit D – Defendant's Expert, Dr. Kemmler's, Report, p. 4**. Both experts describe the plaintiff's incision scars on her right ankle as long, but give no exact length. Dr. Kemmler noted there was an unsubstantial one-centimeter difference in the lengths of plaintiff's limbs. Taking the ruling in *Weldon* into consideration, the plaintiff did not suffer any permanent and substantial physical deformity.

While the plaintiff does have limitations with her right leg due to injuries, these have not amounted to the loss of use of the limb. The plaintiff is still able to ambulate, albeit with a walker or a cane. She can stand for periods of time and get herself out of a chair. During her exam with Dr. Kemmler, she was able to bend over and touch the ground with her hands. **Exhibit D, p. 4**. Both experts voiced concern over the non-union of plaintiff's femur fracture, but they also believed with further treatment such as a bone stimulator and another surgery, the plaintiff would likely recover.

As for the loss of a bodily organ, none has been noted by the plaintiff, her treating doctors, or the retained experts. At her deposition, she briefly mentioned a problem with incontinence, but has remedied this by wearing pads. **Exhibit E – Plaintiff's Deposition Transcript, p. 53, Lines**

8

**5-14**. She still retains the ability to urinate normally. Therefore, the plaintiff has not met any of the exceptions under subsection (a).

    B.  *Analysis Under ORC 2315.18(B)(3)(b)*

Plaintiff, Lea Swink, also has not suffered any permanent physical functional injury that permanently prevents the injured person from being able to independently care for herself and perform life-sustaining activities. Within eight months of the accident, the plaintiff had moved in with the Grumblis Family and was assisting with their errands. The plaintiff would drive the 86-year-old Cora Grumblis and her vision-impaired son, Walter Grumblis, two to three times per week to the bank, grocery store, doctor appointments, etc. **Id. at p. 9, Lines 8-23**. She was able to care for herself and maintain her living space. After she was forced to move out of the Grumblis house, she moved into a house with her son, Ron, and her friend Tim Singleton. The plaintiff is able to wash dishes and does some of the cooking in the house. **Id. at p. 58, Lines 8-13**. She also cleans the house, but it takes her longer than it did before the accident. The plaintiff has difficulty with lifting heavy objects, like laundry, but can still perform the chore with some assistance.

The plaintiff plays several instruments and has returned to playing live. She has built up enough stamina to play guitar for about 40 to 45 minutes. **Id. at p. 60, Lines 19-24**. She can also play drums despite her injuries. **Id.** Since the accident, the plaintiff has driven herself to Columbus three times, and was able to take part in a recording session during one of those visits. **Id. at p. 63-64.**

The plaintiff has not returned to work since the accident. However, she is optimistic that she can return to the workforce as she has applied to positions that allow her to work from home. **Id. at p. 67, Lines 7-12**. Dr. Kemmler is similarly optimistic as he also believes the plaintiff can return to a sedentary work position with the proper treatment. **Exhibit D, p. 4**.

Overall, a material of question of fact does not exist regarding the plaintiff's condition. She has proved time and time again that she can care for herself, and even assist with the care of others. She can ambulate, drive, cook, and clean. Moreover, both experts believe that these conditions could get better with proper treatment. So, to call these conditions permanent would be improper as there is a reasonable expectation that the plaintiff will improve.

## CONCLUSION

This court has the right to cap the plaintiff's noneconomic damages at $350,000 if the plaintiff has not experienced 1) a permanent and substantial physical deformity; 2) loss of use of a limb; 3) loss of use of a bodily organ system; and 4) a permanent disabling injury. *Lopez v Brinkman*, 2015 Ohio Misc. LEXIS 14016, at *9 (Ct Com Pl, Sep. 15, 2015). As laid out above, the plaintiff's injuries do not reach the threshold on any of these exemptions. Her scars are minimal. Her fractures have healed in an anatomical and objectively proper way, and she still has the use of all her limbs and organs. The plaintiff is still on the long road to recovery, but two medical professionals agree she will improve with time and treatment. She is not disabled as she can get around on her own and take care of herself. Therefore, this court must grant defendants' motion for partial summary judgment.

WHEREFORE, Defendants respectfully request that this Court grant its Motion for Partial Summary Judgment and cap the plaintiff's recovery for noneconomic damages at the statutory limit of $350,000.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

By: /s/ Kevin M. Mulvaney
    KEVIN M. MULVANEY (P76915)
    *pro hac vice*
    GEOFF BELZER (#71899)
    Attorneys for Defendants
    17197 N. Laurel Park Drive, Ste 201
    Livonia, Michigan 48152
    (313) 327-3100

DATED: November 19, 2021

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 19, 2021 by:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Facsimile |
| ☐ Hand Delivered | ☐ Overnight Courier |
| ☐ Certified Mail | √ E-File |
| E-Serve | ☐ E-Mail |

Signature: /s/ *Dacia J. Bowers*
                Dacia J. Bowers

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Page Limit Requirements

1. This motion complies with the page limitations of Local Rule 7.1 because it does not exceed twenty (20) pages. It contains 11 pages.

2. This case has been assigned to the **Standard Track**.

                Respectfully submitted,

                WILSON ELSER MOSKOWITZ
                EDELMAN & DICKER, LLP

By: /s/ Kevin M. Mulvaney
     KEVIN M. MULVANEY (P76915)
     *pro hac vice*
     GEOFF BELZER (#71899)
     Attorneys for Defendants
     17197 N. Laurel Park Drive, Ste 201
     Livonia, Michigan 48152
     (313) 327-3100

DATED: November 19, 2021

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 19, 2021 by:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Facsimile |
| ☐ Hand Delivered | ☐ Overnight Courier |
| ☐ Certified Mail | √ E-File |
| E-Serve | ☐ E-Mail |

Signature: /s/ *Dacia J. Bowers*
                Dacia J. Bowers