IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LEA R. SWINK,** | CASE NO. 3:20 CV 1997 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **REINHART FOODSERVICE, LLC, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

Currently pending before the Court is Defendants Reinhart Foodservice, LLC and Baoku Ojo Moses's Motion for Partial Summary Judgment. (Doc. 21). Defendants seek a determination that Ohio's noneconomic damage cap, Ohio Revised Code § 2315.18(B)(2), applies in this case. Plaintiff opposes (Doc. 22), and Defendants replied (Doc. 23). Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons discussed below, the Court DENIES Defendants' Motion.

### BACKGROUND

This case arises out of a motor vehicle accident between Plaintiff and Moses, an employee of Reinhart Foodservice.

Plaintiff suffered numerous injuries as a result of the collision, most significantly to her right leg. These included a femur fracture, which required intramedullary rodding and an ankle fracture requiring surgery. She also suffered upper body injuries including rib and clavicle fractures, and testified she suffers shoulder pain as a result of using a walker. There is no dispute that Plaintiff uses a cane or walker for mobility.

In his 2020 examination report, Plaintiff's expert Dr. Jonathan J. Paley noted "2 long incisional sites" on Plaintiff's right ankle. (Doc. 21-4, at 4). In May 2021, Defendants' expert, James Kemmler, M.D., observed Plaintiff had a well-healed three centimeter long wound on her thigh, a well-healed incision on the knee, and well-healed lateral and medial right ankle wounds. (Doc. 21-5, at 4). He further noted a small leg length discrepancy. *Id.* at 3 ("She has approximately 1 cm leg length discrepancy with the pelvis dropping approximately 1 cm on the right when both feet are planted on the ground.").

Dr. Paley and Dr. Kemmler both observed Plaintiff had a nonunion of the femoral shaft fracture and would require future surgical intervention. (Doc. 21-4, at 6); (Doc. 21-5, at 4). Dr. Paley opined postoperative recovery could be expected within three to six months. (Doc. 21-4, at 6). Dr. Kemmler said surgery "would potentially lead to marked increase in function and decrease in pain", but further evaluation and further treatment was required before he could "render[] any opinion on permanency." (Doc. 21-5, at 4). Dr. Kemmler thought it "very likely" Plaintiff could return to performing her activities of daily living without pain as well as work in at least a sedentary job after her femur healed. *Id.*

In an Affidavit submitted with Plaintiff's opposition brief (and dated December 2021), Dr. Paley asserts Plaintiff has "extensive and permanent scarring, both from the trauma of her injuries and subsequent surgical intervention." (Doc. 21-2, at 2). Dr. Paley further opines Plaintiff has "changes in her anatomy due to the nonunion of her femur fracture" at the time of his April 2020 evaluation. *Id.* He further opines Plaintiff's scarring and "the changes in her anatomy due to the nonunion of her femur fracture "represent[] a permanent and substantial physical deformity" and her leg injury "represents a permanent functional injury that

2

permanently prevents her from being able to independently care for herself and perform life sustaining activities." *Id.*

Plaintiff's life care plan expert, Linda Gartman, RN, also opines Plaintiff's limitations represent a permanent functional physical injury that permanently prevents her from being able to independently care for herself and perform life sustaining activities. (Doc. 22-2, at 2).

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

## DISCUSSION

The narrow question currently before the Court is whether Plaintiff has presented evidence to create a question of fact regarding whether her injuries rise to the level necessary to lift Ohio's statutory noneconomic damages cap. For the reasons discussed below, the Court finds Plaintiff has presented such evidence and summary judgment is not appropriate.

<u>The Statute</u>

Ohio statutorily limits the recovery of non-economic damages in tort actions:

> [T]he amount of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action under this section to recover damages for injury or loss to person or property shall not exceed the greater of [$250,000] two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact . . . to a maximum of [$350,000] three hundred fifty thousand dollars . . . .

Ohio Rev. Code § 2315.18(B)(2). There are, however, exceptions.

> (3) There shall not be any limitation on the amount of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action to recover damages for injury or loss to person or property if the noneconomic losses of the plaintiff are for either of the following:
>
> > (a) Permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system;
> >
> > (b) Permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

Ohio Rev. Code § 2315.18(B)(3). The Code does not define the relevant terms ("substantial", "deformity", "life-sustaining activities", etc.).

Defendants seek a determination that the cap applies, and contend there is no genuine issue of material fact that Plaintiff's injuries meet any statutory exception. Plaintiff argues there is at least a question of fact regarding whether she has a permanent and substantial physical

4

deformity, an inability to use her right leg, and an inability to perform life sustaining activities and independently care for herself.

Permanent and Substantial Physical Deformity

The cap does not apply if Plaintiff has suffered a "[p]ermanent and substantial physical deformity". Ohio Rev. Code § 2315.18(B)(3)(a). Plaintiff cites two things she asserts constitute a permanent and substantial deformity: (1) the non-union of her femoral fracture; and (2) the scarring resulting from her injuries and subsequent surgeries.

Courts "have . . . held that whether a deformity is sufficiently permanent and substantial should, once the plaintiff crosses an evidentiary threshold, be for the jury, not the court to decide." *Ohle v. DJO Inc.*, 2012 WL 4505846, at *3 (N.D. Ohio); *see also Fairrow v. OhioHealth Corp.*, 2020-Ohio-5595, ¶ 68 (Ohio Ct. App.) ("The trial court must determine whether there is enough evidence to meet the basic evidentiary threshold. Once that threshold is met, it is for the trier of fact, not the court, to determine whether the damages constitute permanent and substantial deformity.").

Various Courts – Ohio and Federal – have confronted the issue of whether scarring can amount to a "permanent and substantial physical deformity" and reached varying fact-specific conclusions. In *Bransteter v. Moore*, the Court found "scarring *may* be so severe as to qualify as a serious disfigurement" and deferred ruling on the question of whether the plaintiff's scarring resulting from several surgeries to treat a perforated bowel qualified. 2009 WL 152317, at *2 (N.D. Ohio) (emphasis in original).

In *Cawley v. Eastman Outdoors, Inc.*, the court found scars on a hand and thumb as well as external and internal deformities left from an injury was sufficient to send the question to a

5

jury. 2014 WL 5325223, at *7 (N.D. Ohio) ("Although Plaintiff and Defendant disagree about the severity of Plaintiff's scar, that is a question for the jury.").

By contrast, a Magistrate Judge of this Court recommended the Court find a four centimeter-long surgical scar resulting from spinal surgery not sufficiently serious to qualify. *Weldon v. Presley* 2011 WL 3749469 (N.D. Ohio) ("Reasonable minds could not conclude that such a small single scar, merely 4 cm long, amounts to a severe disfigurement."), *report and recommendation adopted* 2011 WL 375466.

Other courts have addressed what constitutes a "deformity". In *Ohle v. DJO Inc.*, the plaintiff lost "nearly all" of her shoulder cartilage", had her shoulder bone replaced with a metal prosthesis, and had a "large raised keloid scar from her collar bone to her armpit and two smaller keloid scars on the front of her shoulder." 2012 WL 4505846, at *2 (N.D. Ohio). The court rejected defendants' argument that, "as a matter of law, internal modifications of a person's body structure and surgical scars cannot qualify as permanent and substantial physical deformities." *Id.* at 4. It found"[t]he jury is in the best position to determine whether the nature and location of scaring, removal of a portion of a bone, and/or total loss of cartilage deforms an individual. When reasonable minds might disagree about the nature of a plaintiff's injuries, the Court cannot impose its own factual determination." *Id.*; *see also Schmid v. Bui*, 2020 WL 8340144 (N.D. Ohio) (evidence of scarring and having various hardware implanted, as well as hip replaced with a prosthetic sufficient to send question to jury).

In *Ross v. Home Depot USA, Inc.*, the Southern District of Ohio court found Plaintiff's injuries – described as "multiple 'misshapened,' 'unnatural' and 'distorted' conditions in both her left knee and shoulder" and treatment that "required a significant amount of hardware to be

6

implanted into her body" – were sufficient to submit the question to a jury. 2014 WL 4748434, at *6-7 (S.D. Ohio).

Further, Ohio courts have held that a deformity need not be "visibly severe" to constitute a substantial and permanent physical deformity. *Johnson v. Stachel*, 154 N.E.3d 577, 597 (Ohio Ct. App. 2020) (quoting with approval the trial court's determination that "Plaintiff's injury is not merely aesthetic or superficial – it is a structural change to his skeletal system. The complete removal of a joint is not insubstantial merely because it is not visible to the human eye.") (Plaintiff's hip joint was removed).

Finally, Ohio courts have determined whether the following injuries qualify as "permanent and substantial physical deformities" should be determined by the jury: "loss of vision, the loss of depth perception, the 'lazy eye,' pupil size differentiation, and the shriveling and shrinking of Plaintiff's eye" (*Lopez v. Brinkman*, 2015 Ohio Misc. LEXIS 14016, at *6 (Franklin Cty. Ct. of Common Pleas)); facial scarring (*Torres v. Concrete Designs*, 2019-Ohio-1342, at ¶¶ 83-84 (Ohio Ct. App.)); testicular scar and shortening of penis (*Fairrow*, 2020-Ohio-5595 at ¶¶ 71-78); and "an abnormal cervical posture, or a tilt in the right side of her neck; a reduction in her cervical range of motion; two moveable nodules in her neck; and surgical scars." (*Setters v. Durrani*, 2020-Ohio-6859, at ¶32 (Ohio Ct. App.)).

Defendants contend Plaintiff's scars are "far less substantial and not in an area where they could be noticeable", in contrast to those described by *Ohle* and simply "less severe" than scarring described by other cases cited by Plaintiff. (Doc. 23, at 2). The Court finds this argument comes too close to asking the Court to usurp the role of the factfinder.

The Court has reviewed the current record in this case and the above-cited caselaw and finds Plaintiff has provided this Court with sufficient evidence to submit the issue of the nature

of the injury to the jury. Plaintiff has presented the following evidence: scarring (which Dr. Paley described as "extensive" and "significant" (Doc. 22-1, at 2)); and the non-union of her femoral fracture even after femoral rodding (Doc. 22-1, at 2 (describing this as a "change[] to [Plaintiff's] anatomy.")). At this juncture, the Court cannot determine as a matter of law that Plaintiff's scarring and other injuries cannot qualify as a "permanent and substantial physical deformity". Stated differently, there is sufficient evidence to create a genuine issue of material fact as to whether the injury to Plaintiff's leg (and nonunion of the fracture) and resulting scarring has caused her to suffer a "permanent and substantial physical deformity" as provided in Ohio Revised Code § 2315.18(B)(3)(a).

Consequently, Defendants' Motion for Partial Summary Judgment is denied without prejudice to evaluation once Plaintiff has presented evidence regarding her injuries at trial. *See Ross*, 2014 WL 4748434, at *7 (denying motion for summary judgment "without prejudice to the Court's further evaluation upon appropriate motion once plaintiffs have had the opportunity to present evidence on the nature of injury at trial"); *Bransteter*, 2009 WL 152317, at *2 ("The Court denies Defendants' Motion with respect to Plaintiff . . . and will resolve the issue following trial testimony. Defendants may move for a directed verdict; Plaintiff . . . may request a jury interrogatory.").[1]

---

1. Because there is a genuine issue of material fact regarding whether Plaintiff's injuries resulted in a "permanent and substantial physical deformity" so as to meet the exception set forth in Ohio Rev. Code § 2318(B)(2)(a), summary judgment is inappropriate. As such, the Court need not reach the parties' arguments regarding whether Plaintiff has presented an issue of fact regarding other exceptions to the cap at this time.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Partial Summary Judgment (Doc. 21) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE